United States Bankruptcy Court
Middle District of Pennsylvania

In re:
Ronald Paul Decker
Deanna Louise Decker
Debtors

Case No. 19-03422-RNO
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0314-5 User: LyndseyPr Page 1 of 2 Date Rcvd: Oct 09, 2019
Form ID: pdf002 Total Noticed: 42

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 11, 2019.

db/jdb +Ronald Paul Decker, Deanna Louise Decker, 106 Friendship Drive, Hawley, PA 18428-6029
5233100 ++AMERICAN HONDA FINANCE, P O BOX 168088, IRVING TX 75016-8088
(address filed with court: American Honda Finance, 1220 Old Alpharetta Rd S, Alpharetta, GA 30005)
5233099 Allstate Insurance, Po Box 4310, Carol Stream, IL 60197 4310
5233102 +Blue Ridge Communications, Po Box 316, Palmerton, PA 18071-0316
5233103 +Brandon Decker, 106 Friendship Drive, Hawley, PA 18428-6029
5233104 +Breanne Decker, 450 Forresr Avenue, Apt P306, Norristown, PA 19401-5650
5233105 +Bryant Decker, 2000 Blvd Avenue, Scranton, PA 18509-1206
5233106 +Citicards Cbna, Po Box 6241, Sioux Falls, SD 57117-6241
5233108 +County Waste, 17 Industrial Park Rd, Lake Ariel, PA 18436-5617
5233110 +Eastern Propane, 108 Langan Ave, Hawley, PA 18428-1448
5233111 +Faoa, 139 Friendly Acreas Rd, Hawley, PA 18428-6044
5233112 +Fed Loan Serv, Po Box 60610, Harrisburg, PA 17106-0610
5233113 Geico, 1 Geico Plaza, Bethesda, MD 20810 0001
5233114 +Horizon Dental, 2537 Route 6, Hawley, PA 18428-7031
5242772 JPMorgan Chase Bank, N.A., National Bankruptcy Department, P.O. Box 901032, Ft. Worth TX 76101-2032
5233116 +Jpmcb Auto, Po Box 901003, Ft Worth, TX 76101-2003
5233117 +Nationwide, 1800 E. Imperial Highway, Suite 145, Brea, CA 92821-6002
5233118 +PPL Electric Utilities, PO Box 25222, Lehigh Valley, PA 18002-5222
5233120 +Rhinebeck Bank, Po Box 1191, Poughkeepsie, NY 12602-1191
5233124 +Thd/Cbna, P.O. Box 9001010, Louisville, KY 40290-1010
5233126 +Visions Fcu, 24 Mckinley Ave, Endicott, NY 13760-5491
5238002 +Visions Federal Credit Union, 24 Mckinley Ave., Endicott, NY 13760-5491
5233127 +Wayne Enterprises, Po Box 443, Honesdale, PA 18431-0443
5233128 +Wayne Memorial Community Health Centers, 601 Park St, Honesdale, PA 18431-1445
5233129 +Wayne Memorial Hospital, 601 Park St, Honesdale, PA 18431-1498
5233130 +Wells Fargo Bank, Po Box 14517, Des Moines, IA 50306-3517
5233131 +Wells Fargo Bank Nv Na, Po Box 94435, Albuquerque, NM 87199-4435
5253859 Wells Fargo Bank, N.A., Wells Fargo Card Services, PO Box 10438, MAC F8235-02F, Des Moines, IA 50306-0438
5235270 +Wells Fargo Bank, N.A., 435 Ford Road, Suite 300, St. Louis Park, MN 55426-4938

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

cr +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 09 2019 19:36:22
PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021
5236972 E-mail/Text: ebnbankruptcy@ahm.honda.com Oct 09 2019 19:34:56
American Honda Finance Corporation, National Bankruptcy Center, P.O. Box 168088, Irving, TX 75016-8088
5233101 E-mail/Text: g17768@att.com Oct 09 2019 19:34:30 At&T, Po Box 5014, Carol Stream, IL 60197 5014
5233107 +E-mail/Text: bankruptcydept@wyn.com Oct 09 2019 19:35:03 Club Wyndham, 6277 Sea Harbor Dr., Orlando, FL 32821-8043
5233109 +E-mail/Text: electronicbkydocs@nelnet.net Oct 09 2019 19:34:54 Dept Of Education/Neln, 121 S 13th St, Lincoln, NE 68508-1904
5233115 +E-mail/Text: cio.bncmail@irs.gov Oct 09 2019 19:34:35 Internal Revenue Service, Centralized Insolvency Operation, P. O. Box 7346, Philadelphia, PA 19101-7346
5233119 +E-mail/Text: EBN_Greensburg@Receivemorermp.com Oct 09 2019 19:35:14 Receivables Management, 1809 N Broadway St, Greensburg, IN 47240-8217
5233121 E-mail/Text: jennifer.chacon@spservicing.com Oct 09 2019 19:35:12
Select Portfolio Servicing, Po Box 65450, Salt Lake City, UT 84165 0450
5233122 +E-mail/PDF: gecsedi@recoverycorp.com Oct 09 2019 19:35:34 Syncb/Sams Club, Po Box 965005, Orlando, FL 32896-5005
5233123 +E-mail/PDF: gecsedi@recoverycorp.com Oct 09 2019 19:35:35 Syncb/Walmart, Po Box 965024, Orlando, FL 32896-5024
5233447 +E-mail/PDF: gecsedi@recoverycorp.com Oct 09 2019 19:35:38 Synchrony Bank, c/o PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021
5239156 +E-mail/Text: electronicbkydocs@nelnet.net Oct 09 2019 19:34:54
US Department of Education c/o Nelnet, 121 South 13th Street, Suite 201, Lincoln, NE 68508-1911
5233125 +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Oct 09 2019 19:32:43
Verizon Wireless, 500 Technology Drive, Suite 550, Saint Charles, MO 63304-2225

TOTAL: 13

***** BYPASSED RECIPIENTS *****

NONE. TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 11, 2019 Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 9, 2019 at the address(es) listed below:

Charles J DeHart, III (Trustee) TWecf@pamd13trustee.com
James Warmbrodt on behalf of Creditor Metropolitan Life Insurance Company bkgroup@kmllawgroup.com
Karina Velter on behalf of Creditor JPMorgan Chase Bank, N.A. amps@manleydeas.com
Patrick James Best on behalf of Debtor 2 Deanna Louise Decker patrick@armlawyers.com, kate@armlawyers.com;G29239@notify.cincompass.com;notices@nextchapterbk.com
Patrick James Best on behalf of Debtor 1 Ronald Paul Decker patrick@armlawyers.com, kate@armlawyers.com;G29239@notify.cincompass.com;notices@nextchapterbk.com
United States Trustee ustpregion03.ha.ecf@usdoj.gov

TOTAL: 6

**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:

Decker, Ronald Paul
Decker, Deanna Louise

CHAPTER 13

CASE NO.: –bk– –

☒ ORIGINAL PLAN
AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

0 Number of Motions to Avoid Liens
0 Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

**A. Plan Payments From Future Income**

1. To date, the Debtor paid $ 0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 188,540.40, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| Month 1 (9/2019) | Month 60 (8/2024) | $1,481.25 | $1,350.57 | $2,831.82 | $2,831.82 |
| | | | | Total Payments: | $169,909.20 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: (☐) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

   (☒) Debtor is over median income. Debtor estimates that a minimum of $ 88,875.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B.** Additional Plan Funding From Liquidation of Assets/Other

1. The Debtor estimates that the liquidation value of this estate is $ 0.00. (Liquidation value is calculated as the value of all non- exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☒ No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced*

☒ Certain assets will be liquidated as follows:

**2. SECURED CLAIMS.**

**A. Pre-Confirmation Distributions.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

☒ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| Select Portfolio | Click or tap here to enter text. | $1,350.57 |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| JP Morgan | Subaru | 2209 |
| Honda | Side by Side | 4250 |

**C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

☒ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

☒ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Rhinebeck | Jeep | $16,243.95 | 5% | $17,056.15 |
| Select Portfolio | Residential Dwelling | $1,350.57 | Click or tap here to enter text. | $81,034.20 Conduit payment $1,350.57/mo |

**E. <u>Secured claims for which a § 506 valuation is applicable</u>.** *Check one.*

☒ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

**F. <u>Surrender of Collateral</u>.** *Check one.*

☒ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

**G. <u>Lien Avoidance</u>.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☒ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

## 3. PRIORITY CLAIMS.

### A. Administrative Claims

1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. Attorney's fees. Complete only one of the following options:

   a. In addition to the retainer of $ 600.00 already paid by the Debtor, the amount of $ 3,900.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. $ Click or tap here to enter text. per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

☒ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

☐ The following administrative claims will be paid in full.

### B. Priority Claims (including, certain Domestic Support Obligations

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Internal Revenue Service | $12,588.16 |

### C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B). *Check one of the following two lines.*

☒ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4. UNSECURED CLAIMS**

**A. Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

☒ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

**B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** ***Check one of the following two lines.***

☒ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon** *Check the applicable line:*

☒ plan confirmation.
☐ entry of discharge.
☐ closing of case.

**7. DISCHARGE: (Check one)**

☒ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: Adequate protection payments.

Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Click or tap here to enter text.

Dated: 8/9/2019

/s/ Patrick J Best, Esq
Attorney for Debtor

/s/ Ronald Paul Decker
Debtor

/s/ Deanna Louise Decker
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.